UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYATTA QUINN MITCHELL,<br><br>                                   Petitioner,<br><br>v.<br><br>DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS; and XAVIER BECCERA,<br><br>                                   Respondents. | Case No.: 18cv697-WQH (BLM)<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 3]** |

On April 6, 2018, Petitioner, a state prisoner proceeding pro se and in forma pauperis, filed a motion requesting this Court to appoint counsel. ECF No. 3; see also ECF No. 4 (order granting motion to proceed in forma pauperis). In support of his motion, Petitioner alleges that he has "no adequate remedy to represent [himself] in this case" and that he has "no appellate attorney to provide an overview of the information coming from the court." Id. Petitioner further asserts that "[t]his case is complex and needs representation." Id. Having considered Petitioner's motion and the applicable law, the motion is **DENIED WITHOUT PREJUDICE** for the reasons set forth below.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Habeas Corpus Res. Ctr. v.

U.S. Dep't of Justice, 816 F.3d 1241, 1244 (9th Cir. 2016) (noting that there is no federal constitutional right to appointment of counsel in postconviction collateral attacks on a conviction or sentence in state or federal court); Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996) (noting that there currently exists no constitutional right to appointment of counsel in habeas proceedings). However, courts may appoint counsel for financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing 18 U.S.C. § 3006A(a)(2)(B)); Chaney v. Lewis, 801 F.2d 1191, 1196 ("Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."). Whether or not to appoint counsel is a matter left to the court's discretion, unless an evidentiary hearing is necessary. Luckett v. McDaniel, 213 F.3d 642 (9th Cir. 2000); Knaubert v. Goldsmith, 791 F.2d 722, 728-30 (9th Cir. 1986) (explaining that the interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition).

Under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Thus far, Petitioner has drafted and submitted several documents without the assistance of legal counsel. In addition to the instant motion, Petitioner has submitted a Petition for Writ of Habeas Corpus [ECF No. 1] and a motion to proceed in forma pauperis [ECF No. 2]. From the Court's review of these documents, it is clear that Petitioner is able to articulate the claims of his case. Additionally, there is no indication that the issues are overly complex. While it is too early for the Court to determine Petitioner's likelihood of success on the merits, Petitioner fails to establish the requisite "exceptional circumstances" that would warrant the appointment

of counsel.  Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel as it is not warranted by the interests of justice.  See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions"); Roberts v. Long, No. 14CV0427-WQH DHB, 2015 WL 3862871, at *12 (S.D. Cal. June 19, 2015) (finding appointment of counsel is not required to prevent a due process violation where there is no indication that the petition is incapable of presenting his claims or that the issues are too complex).

Therefore, the Court finds at this stage of the pleadings, that the interests of justice do not require the appointment of counsel and that this habeas proceeding does not present "exceptional circumstances" justifying the appointment of legal counsel.  Accordingly, Petitioner's Motion for Appointment of Counsel is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated:  4/25/2018

Hon. Barbara L. Major
United States Magistrate Judge